UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| UMAR CLARK,<br><br>　　　Plaintiff,<br><br>vs.<br><br>NELNET, INC.,<br><br>　　　Defendant. | CASE NO. 1:25-CV-04575-VMC-RGV |

**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

　　　Defendant, NELNET SERVICING, LLC (misidentified as "Nelnet, Inc.") ("Nelnet"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby submits this Motion to Dismiss Plaintiff UMAR CLARK's ("Plaintiff") Pro Se Complaint for Injunctive Relief, Damages, and Correction of Credit Reporting Violations ("Complaint") and Incorporated Memorandum of Law, and in support thereof states:

**INTRODUCTION**

　　　Plaintiff, a serial *pro se* litigant,[1] brings this lawsuit under the Fair Credit Reporting Act ("FCRA"). In the Complaint, Plaintiff concedes that he missed payments on his student loan. The problem, Plaintiff alleges, is that Nelnet furnished information to credit reporting agencies that Plaintiff was further behind on his

---

[1] *See e.g.*, *Clark v. Equifax,* 19-CV-05310 (N.D. Ga.); *Clark v. Wells Fargo*, 19-cv-05863 (N.D. Ga.); *Clark v. Wells Fargo,* 20-cv-00581 (N.D. Ga.); *Clark v. Capital One Auto Finance,* 20-cv-00825 (M.D. Ala.); *Clark v. Discover Financial Services,* 20-cv-00612 (W.D.N.C.); *Clark v. Discover Financial Services*, 20-cv-01066 (M.D. Ala.); *Clark v. Verizon*, 21-cv-01065 (M.D. Ala.); *Clark v. Carvana*, 21-cv-00187 (M.D. Ala.); *Clark v. Carvana*, 21-cv-00187 (N.D. Ga.); *Clark v. Capital One Auto Finance*, 21-cv-00269 (E.D. Tex.); *Clark v. American Express Company,* 25-cv-00034 (N.D. Ga.); *Clark v. Credit Control Services, Inc.*, 25-cv-00674 (N.D. Ga.); *Clark v. Discover Bank*, 25-cv-00920 (N.D. Ga.); *Clark v. Members First Credit Union, Ga,* 25-cv-00941 (N.D. Ga.).

1

obligation than he really was. Plaintiff alleges that Nelnet failed to conduct a reasonable investigation of a dispute that Plaintiff submitted to Experian about some of the reporting in January of 2025. Curiously, Plaintiff alleges these facts entitle him to injunctive relief, and that Nelnet should be ordered to delete the account from Plaintiff's credit and/or report the account balance as zero, even though Plaintiff does not dispute the validity of the account or allege that the balance is actually zero. Plaintiff's allegations in the Complaint do not state a valid claim under the FCRA.

First, the FCRA does not authorize a private litigant to seek injunctive relief, and even if it did, the facts alleged could not justify forcing Nelnet to delete the account or report the balance as zero. Second, Plaintiff has not alleged that his damages were caused by a violation of the FCRA. Specifically, Plaintiff alleges that his damages were caused by different information than the information he disputed with Experian in January of 2025. Third, Plaintiff included a conclusory allegation that Nelnet *willfully* violated the FCRA but pleads no facts that would render plausible this allegation of willful misconduct. For these reasons, the Court should dismiss the Complaint in its entirety for failure to state a valid claim under the FCRA.

## PROCEDURAL SUMMARY AND FACTS ALLEGED IN THE COMPLAINT

1. Plaintiff alleges that he obtained a student loan to attend college and that the loan was transferred to Nelnet for servicing. *See* Dkt. No. 1 ¶ 5.

2

2. The loan was placed in a hardship deferment that expired after the COVID-19 pandemic. *See* Dkt. No. 1 ¶¶ 9-12.

3. Plaintiff admits that he subsequently became 90 days past due on the loan. *See* Dkt. No. 1 ¶¶ 12-14.

4. However, according to Plaintiff, Nelnet allegedly reported the loan as not only 90 days past due, but at times as much as 120, 150 and 180 days past due. *See* Dkt. No. 1 ¶¶ 15-16. Plaintiff claims this reporting is inaccurate.

5. Plaintiff alleges that he disputed the first instance of inaccurate reporting to the credit reporting agency Experian on January 7, 2025. *See* Dkt. No. 1 ¶ 18.

6. According to the Complaint, Experian provided this dispute letter to Nelnet. *See* Dkt. No. 1 ¶ 19.

7. The inaccurate reporting allegedly continued in March, April, June and July of 2025. *See* Dkt. No. 1 ¶ 16.

8. Plaintiff does not allege that he disputed the reporting in March, April, June or July of 2025 with Experian.

9. However, Plaintiff alleges that he reached out to Nelnet directly for additional information. *See* Dkt. No. 1 ¶¶ 23-24. Plaintiff also alleges that he demanded in April of 2025 that Nelnet delete report a zero balance for the account. *Id.*

10. Plaintiff alleges that the inaccurate reporting in March, April, June and July 2025 resulted in damages, including Plaintiff's inability to obtain funding and emotional distress. *See* Dkt. No. 1 ¶ 17.

11. The Complaint was filed on August 13, 2025, alleging that Nelnet failed to conduct a reasonable investigation of Plaintiff's January 7, 2025 dispute in violation of Section 1681s-2 of the FCRA. *See* Dkt. No. 1.

12. Count I of the Complaint travels under the FCRA's provisions regarding negligent violations. *Id.*; 15 U.S.C. § 1681o. Count II of the Complaint travels under the FCRA's provisions regarding willful violations. *Id.*; 15 U.S.C. § 1681n.

13. The Complaint seeks actual damages of $75,000, statutory damages of $1,000 per violation, punitive damages, and "injunctive relief, including deletion of the inaccurate information from my credit reports and zeroing out the balance." *Id.* (paragraph beginning with "WHEREFORE").

## STANDARD FOR MOTION TO DISMISS

To state a claim for which relief can be granted, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This short plain statement "does not need detailed factual allegations" but the plaintiff must plead more than "labels and conclusions" or a "formulaic

recitation of the elements of a cause of action" to survive a motion to dismiss. *Id.* at 556. The plaintiff's factual allegations must render a cause of action "facially plausible," which occurs when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1965-66) (internal citations omitted). Furthermore, legal conclusions in a complaint are not entitled to the "presumption of truth" which cloaks factual allegations during a motion to dismiss. *Id.* at 1950.

## **ARGUMENT AND INCORPORATED MEMORANDUM OF LAW**

### A.   The Complaint Does Not Adequately Allege Entitlement to Injunctive Relief.

In the Complaint, Plaintiff alleges that he is entitled to injunctive relief under the FCRA requiring Nelnet's "deletion of the account" and "zeroing out of the balance." *See* Dkt. No. 1 ¶ 32 (portion beginning with WHEREFORE). However, the FCRA does not authorize courts to award injunctive relief. *See Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir.2000). Specifically, the plain language of the statute authorizes district courts to enforce only "liability" and does not instruct district courts to insure "compliance." *See* 15 U.S.C. §§ 1681n, 1681o, 1681p. Instead, the FCRA specifically states that "compliance with the requirements

5

imposed under [the FCRA] shall be enforced under the Federal Trade Commission Act ... by the Federal Trade Commission." 15 U.S.C. § 1861s(a). Section 5(b) of the Federal Trade Commission Act authorizes the FTC to issue cease and desist orders, which the courts of appeal have exclusive jurisdiction to enforce. 15 U.S.C. § 45(b). "Allowing individuals to wield such power would undermine the discretion vested in the FTC." *See, e.g.*, *Jones v. Sonic Auto., Inc.*, 391 F. Supp. 2d 1064, 1066 (M.D. Ala. 2005).

Indeed, the Eleventh Circuit has examined analogous laws to the FCRA, like the Fair Debt Collection Practices Act ("FDCPA"), and held that analogous remedy provisions do not allow private actions for injunctive relief. *See Sibley v. Fulton DeKalb Collection Serv.*, 677 F.2d 830, 834 (11th Cir.1982). Indeed, the language in the FDCPA, which the Eleventh Circuit has found not to permit injunctive relief to individuals, is practically indistinguishable from the provision of the FCRA. *Id*. at 284–85. Thus, the Court should dismiss Plaintiff's complaint, including Counts I and II, because they seek injunctive relief, when the FCRA provides no avenue for such a claim.

Additionally, even if the FCRA authorized courts to award injunctive relief, Plaintiff's allegations in Counts I and II do not plausibly suggest entitlement to the injunctive relief sought. To the contrary, Plaintiff admits he was at least 90 days past due, though he disputes being any more delinquent than that. *See* Dkt. No. 1 ¶ 15

(admitting "I was only 90 days late . . . ."). At no point does the Complaint explain why Plaintiff would be entitled to an injunction requiring Nelnet to delete the account from Plaintiff's credit or report the balance as zero. In fact, under the circumstances described by Plaintiff, Plaintiff would <u>not</u> be entitled to such injunctive relief. Therefore, the Court should dismiss that portion of Count I and II as impermissibly seeking injunctive relief and/or because the Complaint has not plausibly alleged entitlement to the injunctive relief requested by Plaintiff.

      **B.    Plaintiff Has Failed to Plausibly Allege Actual Damages Caused by a Violation of the FCRA.**

Plaintiff has failed to state a claim for a supposed negligent violation of the FCRA because the Complaint does not plausibly allege any actual damages were caused by Nelnet's supposed violation of the FCRA. Actual damages are an element of any claim alleging a negligent violation of the FCRA. *See, e.g.*, *Stroud v. Bank of Am.*, 886 F. Supp. 2d 1308, 1325 (S.D. Fla. 2012) ("It is well-established that actual damages are an element of an FCRA claim"); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 647 (S.D. Ala. 2007) ("The FCRA provides a remedy only for consumers who are actually damaged by a failure to comply with the FCRA."). To be recoverable against a furnisher under the FCRA, the Plaintiff's actual damages must be the result of more than just furnishing inaccurate information – but rather from an actionable provision of the FCRA, like the furnisher's obligation to investigate a dispute provided to the furnisher by a credit reporting agency. *See Suluki v. Credit*

*One Bank, NA,* 138 F.4th 709, 721 (2d Cir. 2025) (plaintiff cannot recover damages under the FCRA where there is "no nexus between the furnisher's unreasonable investigation and the inaccuracy that caused the plaintiff damages."); *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474–75 (2d Cir. 1995) (holding that FCRA plaintiff must show "causation between the harm alleged" and the alleged "violation of the FCRA").

> As the Eleventh Circuit has made clear:
>
>> The FCRA imposes two separate duties on furnishers. First, § 1681s–2(a) requires furnishers to submit accurate information to CRAs. Second, § 1681s–2(b) requires furnishers to investigate and respond promptly to notices of customer disputes. [Plaintiff] contends that [Defendant] violated § 1681s–2(a) by tendering false information regarding his account. The FCRA, however, does not provide a private right of action to redress such a violation, and the district court was correct in so holding. The FCRA does provide a private right of action for a violation of § 1681s–2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s–2(b)(1).
>
> *Green v. RBS Nat. Bank*, 288 F. App'x 641, 642 (11th Cir. 2008). Thus, Plaintiff must allege that he disputed the inaccurate credit reporting that caused his damages with a credit reporting agency, or his damages cannot plausibly be attributable to a violation of Section 1681s-2(b). *Id.*

The Complaint only alleges a single dispute to a credit reporting agency, which purportedly occurred on January 7, 2025. *See* Dkt. No. ¶ 18. Meanwhile,

8

Plaintiff alleges his damages were caused by inaccurate credit reporting in March, April, June, and July 2025 that "hindered his ability to obtain funding" and caused emotional distress. *See* Dkt. No. 1 ¶¶ 16-17. This reporting was thus subsequent to Plaintiff's dispute to a credit reporting agency on January 7, 2025. Importantly, there is no allegation in the Complaint that Plaintiff disputed this March, April, June or July reporting with a credit reporting agency. *Id.*

Instead, Plaintiff alleges that he contacted Nelnet directly and demanded that Nelnet provide its method of verification used for investigating Plaintiff's January 7, 2025 dispute, and that he "sent Nelnet" an April 2025 letter that demanded compensation and deletion of the entire account from his credit. *See* Dkt. No. 1 ¶¶ 21-24. However, direct disputes to furnishers do not trigger any obligations under the FCRA. *See Green*, 288 F. App'x at 642. Thus, any allegation that Plaintiff was damaged by Nelnet's alleged failure to heed disputes that Plaintiff delivered directly to Nelnet do not demonstrate that Plaintiff's damages are the result of a violation of the FCRA. *Id.* As such, Plaintiff has not plausibly alleged damages caused by a negligent violation of the FCRA and Count I should be dismissed.

  **C.** **The Complaint Does Not Adequately Allege a Willful Violation of the FCRA.**

Plaintiff has also failed to plausibly allege a willful violation of the FCRA. The United States Supreme Court has held that a willful violation of the FCRA means a "knowing" or "reckless" disregard of a consumer's rights under the FCRA.

9

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57, 127 S. Ct. 2201, 2208, 167 L. Ed. 2d 1045 (2007). "In pleading willfulness, a party may 'generally' allege the defendant's state of mind"; however, "[t]his does not mean that the plaintiff may make a conclusory allegation that Defendant acted willfully or may otherwise plead the bare elements of the claim." *See Williams v. Alpha Recovery Corp.*, No. 1:23-CV-4696-LMM-JKL, 2023 WL 8824809, at *4 (N.D. Ga. Oct. 16, 2023) (quoting *Foxworth v. Asset Acceptance, LLC*, No. 1:11-CV-02182-CC-AJB, 2011 WL 13318723, at *3 (N.D. Ga. July 11, 2011), report and recommendation adopted, 2011 WL 13318798 (N.D. Ga. Oct. 6, 2011)). Thus, failure to plead sufficient facts to plausibly allege a willful violation of the FCRA is a common pleadings shortfall in FCRA cases. *See, e.g.*, *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 167 (S.D.N.Y. 2014) (conclusory allegation of willful violation insufficient to plead FCRA claim) (collecting cases).

In the Complaint, Plaintiff alleges that the Court can infer Nelnet's supposed willfulness from its "pattern of misconduct (e.g. CFPB action) and disregard for my dispute and demand." Dkt. No. 1 ¶ 31. However, such allegations do not plausibly suggest a willful violation of the FCRA. Even if Nelnet was obligated to respond to Plaintiff's disputes, "the mere allegation that plaintiff sent several letters . . . does not allow the Court to reasonably infer that [defendant]'s alleged failure to respond constituted a willful, as opposed to negligent, violation of a reinvestigation duty

10

under the FCRA." *Rivera v. Experian*, No. 3:22-CV-1039 (MPS), 2022 WL 17370491, at *7 (D. Conn. Oct. 31, 2022). No additional facts are pled about the supposed "pattern of misconduct" which would render the Plaintiff's conclusory allegation of a willful violation plausible. *See* Dkt. No. 1 ¶ 31.

Nothing about the allegedly inaccurate information furnished by Nelnet suggests willfulness. In the Complaint, Plaintiff incorrectly alleges that it is "impossible" to have back-to-back months with the same number of days late. *See* Dkt. No. 1 ¶¶ 15-16. That is manifestly untrue. A customer that is 120 days past due and makes a single monthly payment will remain 120 days past due the next month, unless additional amounts are paid to reduce the existing arrearage for the previous unpaid months. Thus, nothing about the alleged reporting by Nelnet made any violation of the FCRA (if any occurred at all) inherently willful.

Finally, Plaintiff's threadbare allegations about "CFPB action" do not plausibly allege a willful violation of the FCRA. *See* Dkt. No. 1 ¶ 31. In many circumstances, action by the Consumer Financial Protection Bureau ("CFPB") is insufficient to demonstrate a willful violation of the FCRA. *See, e.g.*, *McIntyre v. RentGrow, Inc.,* 34 F. 4th 87, 99 (1st Cir. 2022) (content of CFPB "supervisory highlights" was not sufficient to render defendant's alleged violation of the FCRA willful). Plaintiff's Complaint does not specify what action by the CFPB shows that Nelnet's supposed violation of the FCRA was willful. Without more, Plaintiff's

11

passing reference in the Complaint to "CFPB action" is also inadequate to plausibly allege that Nelnet willfully violated the FCRA.

## CONCLUSION

The Complaint is subject to dismissal for multiple reasons. First, Plaintiff's Complaint seeks injunctive relief even though the FCRA does not authorize a private action for injunctive relief. Second, Plaintiff has failed to plausibly allege his supposed damages were caused by a violation of the FCRA. Instead, Plaintiff's damages allegedly resulted from inaccurate reporting that Plaintiff is not alleged to have disputed with a credit reporting agency. Third, the Complaint lacks any factual allegation to support Plaintiff's conclusory allegation of a willful violation of the FCRA. Therefore, the Court should dismiss the Complaint in its entirety.

WHEREFORE, the Court should dismiss the Complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Date: September 17, 2025.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

*/s/ Madeline Leonard Phifer*
Madeline E. Leonard Phifer
GA State Bar No. 0383480
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402-2059
Tel: (423) 757-5913
Fax: (423) 266-5499
Madeline.LeonardPhifer@huschblackwell.com
*Attorneys for Defendant*

*Nelnet Servicing, LLC*

## LOCAL RULE 5.1 CERTIFICATION

I hereby certify pursuant to LR 5.1 that the brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(C).

**HUSCH BLACKWELL LLP**

*/s/ Madeline Leonard Phifer*
Madeline Leonard Phifer

## CERTIFICATE OF SERVICE

      I hereby certify that on September 17, 2025, I electronically filed the foregoing **MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all CM/ECF registered users, and I hereby certify that I have e-mailed and mailed by United States Postal Service the document to the following:

      **Umar Clark**
      **1778 Vicki Lane SE**
      **Atlanta, GA 30316**
      Umar.clark@yahoo.com
      *Pro Se Plaintiff*

      */s/ Madeline Leonard Phifer*
      Madeline Leonard Phifer