FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 0 1 2025

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UMAR CLARK,

Plaintiff,

v.

NELNET SERVICING, LLC (misidentified as Nelnet, Inc.),

Defendant.

CASE NO. 1:25-CV-04575-VMC-RGV

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Umar Clark ("Plaintiff"), appearing pro se, respectfully submits this Opposition to Defendant Nelnet Servicing, LLC's ("Nelnet" or "Defendant") Motion to Dismiss (Dkt. No. 5) pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion should be denied in its entirety. In the alternative, Plaintiff requests leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

## I. INTRODUCTION

Plaintiff's Complaint plausibly alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., arising from Nelnet's failure to conduct a reasonable investigation of Plaintiff's disputed credit information under § 1681s-2(b). Specifically, Nelnet inaccurately reported impossible delinquency statuses on Plaintiff's student loan account (e.g., back-to-back 120-day and 180-day delinquencies), constituting improper re-aging, and failed to correct these

inaccuracies despite notice from Experian, a consumer reporting agency ("CRA"). See Compl. ¶¶ 15-16, 20. These failures caused Plaintiff actual damages, including emotional distress and hindered credit opportunities, and were willful, as evidenced by Nelnet's pattern of disregarding disputes amid broader regulatory scrutiny of student loan servicers.

Defendant's Motion mischaracterizes the Complaint, ignores well-pled facts, and applies an overly stringent standard at the pleading stage. Accepting Plaintiff's allegations as true and drawing reasonable inferences in his favor, the Complaint states valid claims for negligent and willful noncompliance. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## II. STANDARD FOR MOTION TO DISMISS

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The Court must view the complaint in the light most favorable to the plaintiff, accepting all well-pled facts as true and drawing all reasonable inferences in the plaintiff's favor. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010). Pro se pleadings are liberally construed. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Legal conclusions need not be accepted as true, but factual allegations are entitled to a presumption of truth. Iqbal, 556 U.S. at 681.

## III. ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

## A. The Complaint Adequately Alleges Entitlement to Relief Under the FCRA, and Any Deficiency Regarding Injunctive Relief Can Be Cured by Amendment

Defendant argues that the FCRA does not authorize private injunctive relief and that, even if it did, the facts do not justify deleting the account or zeroing the balance. Mot. at 5-6 (citing Washington v. CSC Credit Servs., Inc., 199 F.3d 263, 268 (5th Cir. 2000)). While the majority of courts, including those in this Circuit by analogy, hold that the FCRA limits private remedies to damages under §§ 1681n and 1681o, reserving equitable enforcement to federal agencies (see, e.g., Jones v. Sonic Auto., Inc., 391 F. Supp. 2d 1064, 1066 (M.D. Ala. 2005); Sibley v. Fulton DeKalb Collection Serv., 677 F.2d 830, 834 (11th Cir. 1982) (similar under FDCPA)), this does not warrant dismissing the Complaint in its entirety.

Plaintiff's primary relief seeks actual, statutory, and punitive damages for Nelnet's violations, which are expressly authorized. See 15 U.S.C. §§ 1681n(a), 1681o(a); Compl. Prayer for Relief ¶¶ A-D. The request for injunctive relief is ancillary and severable. See Fed. R. Civ. P. 54(c) (court may grant relief to which party is entitled). To the extent the Court finds injunctive relief unavailable, Plaintiff requests leave to amend to excise that portion, as amendment would not be futile and is freely granted, especially for pro se litigants. See Foman v. Davis, 371 U.S. 178, 182 (1962); Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). Defendant's argument that the facts do not justify account deletion ignores the Complaint's focus on correcting inaccuracies, not invalidating the debt, and overlooks that inaccurate reporting (e.g., re-aging) violates § 1681s-2(a)(5). See Lilly v. RAB Performance Recoveries, LLC, No. Civ. 12-1112 LH, 2013 WL 3834008, at *5 (D.N.M. July 23, 2013).

## B. The Complaint Adequately Alleges Actual Damages Caused by Nelnet's FCRA Violation

Defendant contends Plaintiff lacks causation because his damages allegedly stem from March-July 2025 reporting, not the January 2025 reporting disputed via Experian, and direct disputes to furnishers do not trigger § 1681s-2(b) duties. Mot. at 6-8 (citing Suluki v. Credit One Bank, NA, 138 F.4th 709, 721 (2d Cir. 2024); Green v. RBS Nat'l Bank, 288 F. App'x 641, 642 (11th Cir. 2008)). This misreads the Complaint and ignores Eleventh Circuit precedent.

The Complaint alleges Nelnet's failure to reasonably investigate the January 7, 2025, CRA-notified dispute (Compl. ¶¶ 18-20; Exs. B-C) perpetuated the inaccuracies into subsequent months, causing ongoing harm. See Compl. ¶¶ 15-17 (impossible sequential reporting hindered funding and caused emotional distress totaling at least $35,000). This establishes a direct nexus: Nelnet's unreasonable investigation allowed the initial 120-day inaccuracy to persist and escalate, violating its duty to "modify, delete, or permanently block" inaccurate information. 15 U.S.C. § 1681s-2(b)(1)(E). Eleventh Circuit courts recognize causation where a furnisher's failure leads to continued inaccurate reporting. See, e.g., Stroud v. Bank of Am., 886 F. Supp. 2d 1308, 1325 (S.D. Fla. 2012) (actual damages met where investigation failure caused persistent errors); see also Pedro v. Equifax, Inc., 868 F.3d 1275, 1280 (11th Cir. 2017) (FCRA violations can cause downstream harms). Emotional distress is recoverable under § 1681o. Levine v. World Fin. Network Nat'l Bank, 437 F.3d 1118, 1124 (11th Cir. 2006). Plaintiff's allegations plausibly link the violation to damages, satisfying Twombly/Iqbal.

Defendant's reliance on Suluki is inapposite, as that case involved no CRA notice; here, Experian notified Nelnet (Compl. ¶ 19; Ex. C). Green confirms private actions require CRA-triggered duties, which are met here. If additional details on causation are needed, Plaintiff requests leave to amend.

## C. The Complaint Adequately Alleges a Willful Violation of the FCRA

Defendant dismisses Plaintiff's willfulness allegation as conclusory, arguing no facts show "reckless disregard" under Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 (2007). Mot. at 8-10. To the contrary, the Complaint pleads facts rendering willfulness plausible: Nelnet's disregard of clear evidence of impossible reporting (back-to-back delinquencies without advancement), failure to provide verification records, and pattern of misconduct amid CFPB scrutiny. Compl. ¶¶ 20-23, 31-32. Willfulness includes reckless disregard, i.e., actions entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Safeco, 551 U.S. at 68.

Systemic issues in student loan servicing support recklessness. The CFPB's Supervisory Highlights: Special Edition Student Lending (Issue 36, Winter 2024) details servicers' failures to accurately report delinquency statuses, investigate disputes, and correct errors, leading to improper re-aging and borrower harm. See also CFPB, Supervisory Highlights: Servicing and Collection of Consumer Debt (Issue 34, Summer 2024) (violations in student loan servicing, including inaccurate reporting). The CFPB has uncovered illegal practices across student loan servicing, including billing errors and failure to respond to disputes. CFPB Press Release (Dec. 16, 2024). Such patterns, combined with Nelnet's specific failures here, plausibly allege willfulness. See Saunders v. Branch Banking & Trust Co., 526 F.3d 142, 150 (4th Cir. 2008) (disregard of disputes infers willfulness); Doss v. Great Lakes Educ. Loan Servs., Inc., No. 20 C 1543, 2021 WL 1202432, at *4 (N.D. Ill. Mar. 30, 2021) (similar for student loans). Even without actual damages, statutory damages are available for willful violations. Santos v. Experian Info. Sols., Inc., No. 22-11187, 2024 WL 121783, at *5 (11th Cir. Jan. 12, 2024).

Defendant's claim that back-to-back reporting is possible ignores the Complaint's facts: no payments advanced the status, rendering it factually impossible. Compl. ¶¶ 15-16; Ex. A. This suffices at pleading; discovery will confirm.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied. In the alternative, Plaintiff respectfully requests leave to amend the Complaint to address any perceived deficiencies, including correcting Defendant's name to Nelnet Servicing, LLC, and refining the prayer for relief.

Dated: September 29, 2025

Respectfully submitted,

/s/ Umar Clark Umar Clark, Pro Se

1778 Vicki Lane SE Atlanta, GA 30316

umar.clark@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, I served a copy of the foregoing Opposition via the Court's CM/ECF system on all parties of record.

**HUSCH BLACKWELL LLP**
*/s/ Madeline Leonard Phifer*
Madeline E. Leonard Phifer
GA State Bar No. 0383480
736 Georgia Avenue, Suite 300
Chattanooga, TN 37402-2059

Via certified mail

/s/ Umar Clark Umar Clark, Pro Se

PRIORITY MAIL EXPRESS
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**UNITED STATES POSTAL SERVICE**  **USPS APIs**

usps.com

**E**  US POSTAGE

**U.S. POSTAGE PAID**
USPS Ship

Mailed from 11238

### PRIORITY MAIL EXPRESS®

UMAR CLARK
1778 VICKI LN SE
ATLANTA GA 30316-4105

RDC 07

WAIVER OF SIGNATURE

RICHARD B. RUSSELL FEDERAL BUILDING
NORTHERN DISTRICT OF GA
75 TED TURNER DR SW
ATLANTA GA 30303-3315

**USPS TRACKING # USPS Ship**

9270 1903 7003 0100 1707 96

FOR DOMEST
PLACE

- Guaranteed
- Guaranteed
- USPS Tracki
  and many inf
- Pick up avail
- Domestic shi
  (restrictions
- Signature in

*Money Back Guar
 select Internationa
 See DMM and IMN
**Insurance does no
 claims exclusions
 http://pe.usps.con
†Money Back Guar

WHEN USED INTERNATIO

RED SECURITY

OCT 0 1 2025

MARSHALS SERVICE
Atlanta, Georgia

UNITED STATES POSTAL SERVICE.

F October 2023
12 1/2 x 9 1/2